UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE CHURCHILL SHOVE Sr., | Case No. 2:24-cv-1976-JDP (P) |
| Petitioner, | **ORDER** |
| v. | GRANTING PETITIONER'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DENYING SEVENTEEN OTHER PENDING MOTIONS |
| STATE OF CALIFORNIA, | |
| Respondent. | ECF Nos. 2, 6, 7, 8, 9, 10, 11, 12, 14, 16, 18, 19, 20, 21, 24, 25, 26, & 27 |
| | **SCREENING ORDER** |
| | FINDING THAT PETITIONER'S CLAIMS ARE TIME-BARRED AND GRANTING LEAVE TO AMEND |
| | ECF No. 1 |

Petitioner, a state prisoner, brings this action under section 2254. ECF No. 1. The petition cannot proceed because it appears that the claims therein are time-barred. I will give petitioner leave to amend to explain why this action should still proceed. I will also grant his application to proceed in forma pauperis, ECF No. 9. I will deny all of his other pending motions for the reasons stated below.

1

Screening Order

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Petitioner has filed a lengthy petition attacking a conviction finalized in 2008.[1] ECF No. 1 at 2. The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") established a one-year statute of limitations for federal habeas petitions by state prisoners. *See* 28 U.S.C. § 2244(d)(1). This action was filed on July 19, 2024, well over a decade after the conviction at issue. Thus, it is difficult to see how the claims herein can be timely. I note that petitioner has submitted numerous filings that purport to explain exhaustion, timeliness, and his actual innocence.[2] These filings are difficult to follow and violate the rule that a habeas petition must be complete in itself, without reference to other filings. *See* Local Rule 220. Rather than attempt to piece together petitioner's claims and arguments from various filings (and possibly forcing respondent to do so), I will give petitioner leave to amend. In his amended petition, petitioner should explain what claims are at issue, why those claims are timely, and whether he has exhausted those claims in state court.

Miscellaneous Motions

In addition to his petition and application to proceed in forma pauperis, petitioner has filed a steady stream of other motions. Many of these are little more than requests that he be granted immediate relief. ECF Nos. 6, 10, 11, 12, 16, & 21. Considering the deficiencies in his petition, these are denied. Others inappropriately seek to sanction respondent or strike their pleadings, even though they have not yet been served in this case. ECF Nos. 7 & 20. Still others are more

---

[1] Petitioner also states that he was sentenced to death, though this has not been flagged as a death penalty case. ECF No. 1 at 2.

[2] The Ninth Circuit has held that AEDPA does not bar an otherwise untimely petition where the claimant makes a credible showing of actual innocence. *Lee v. Lampert*, 653 F.3d 929, 945 (9th Cir. 2011).

2

difficult to caterogize, like his motion "to provide complete disclosure" which appends various misconduct complaints he has filed against judges, ECF No. 8, or motion for "full disclosure," which appends a rejection of his petition for review concerning a judicial misconduct claim, ECF No. 14. Plaintiff's motion to clarify exhaustion, ECF No. 2, and motion to clarify, ECF No. 27, are denied, as he should address the exhaustion of his claims in the amended petition. Petitioner's motions for emergency hearings on the foregoing motions, ECF Nos. 24 & 25, are denied. If this case proceeds past screening, I will weigh whether any hearing is ultimately necessary in resolving it. And plaintiff's motion for status and corrections, ECF No. 26, is denied. It contains vague references to conflicts of interest and unsupported legal arguments and is, ultimately, irrelevant to the habeas relief at issue. Finally, his motion for review of conflict of interest, ECF No. 19, is also denied as nearly incomprehensible and unrelated to habeas relief.

        Accordingly, it is hereby ORDERED that:

1. Petitioner's application to proceed *in forma pauperis*, ECF No. 9, is GRANTED.

2. The Clerk of Court shall send petitioner a habeas form.

3. Petitioner must file an amended petition within thirty days of this order's entry. If he fails to do so, I will recommend this action be dismissed.

4. Petitioner's other pending motions, ECF Nos. 2, 6, 7, 8, 10, 11, 12, 14, 16, 18, 19, 20, 21, 24, 25, 26, & 27 are DENIED for the reasons stated in this order.

IT IS SO ORDERED.

Dated:    October 24, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE