1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    THEODORE CHURCHILL SHOVE Sr.,          Case No.  2:24-cv-1976-JDP (P)

12                  Petitioner,

13          v.                                ORDER

14    STATE OF CALIFORNIA,

15                  Respondent.

16

17          Petitioner, a state prisoner, brought this action under section 2254.  ECF No. 1.  In

18    screening the initial complaint, I found that the claims appeared time-barred insofar as the

19    conviction petitioner is attacking occurred in 2008.  ECF No. 28.  I gave petitioner leave to

20    amend, and he has filed an amended petition.  ECF No. 31.  The amended petition does nothing to

21    remedy or meaningfully address the apparent time bar.  Additionally, the claims being raised are

22    essentially incomprehensible.  Out of an abundance of caution and because some of petitioner's

23    other filings are comprehensible, I will give him one final opportunity to amend.  In so doing, I

24    will deny petitioner's various outstanding motions, all of which are either frivolous or premature.

25    ECF Nos. 32, 33, 34, 35, 37, 38, 39, 40, 41, 42, & 44.  Many of these filings seek to present

26    evidence, discredit the state conviction, or seek clarification of legal issues.  Such requests will be

27    appropriate only if petitioner advances claims that are suitable to proceed past screening.

28

                                            1

1

Screening Order

2      The petition is before me for preliminary review under Rule 4 of the Rules Governing

3   Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine

4   the habeas petition and order a response to the petition unless it "plainly appears" that the

5   petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019);

6   *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

7      As I explained in my initial screening order, petitioner appears to be attacking a

8   conviction that was finalized prior to 2010.  The Anti-Terrorism and Effective Death Penalty Act

9   ("AEDPA") establishes a one-year statute of limitations for federal habeas petitions by state

10  prisoners.  *See* 28 U.S.C. § 2244(d)(1).  Given that this action was filed on July 19, 2024, it is

11  impossible to understand how petitioner's claims can be timely.  His amended petition does not

12  explain the issue of timeliness or, indeed, anything else.  The handwriting makes the arguments

13  difficult to understand and petitioner has submitted numerous uncontextualized exhibits, to say

14  nothing of the documents he has proffered in other filings.  As I explained in my previous

15  screening order, petitioner must explain his claims and submit any relevant documents in a single

16  petition.  Neither the court nor any potential respondent should be required to consider numerous

17  filings to understand the full scope of his claims.

18      Accordingly, it is hereby ORDERED that:

19      1.      The Clerk of Court shall send petitioner a habeas form.

20      2.      The amended petition, ECF No. 31, is DISMISSED with leave to amend.

21  Petitioner must file an amended petition within thirty days of this order's entry.  If he fails to do

22  so, I will recommend this action be dismissed.

23      4.      Petitioner's pending motions, ECF Nos. 32, 33, 34, 35, 37, 38, 39, 40, 41, 42, &

24  44, are DENIED as premature.  He is advised that submitting numerous motions that are little

25  more than vehicles for arguments and exhibits that should be offered, if at all, in the petition

26  itself, will not be looked upon favorably by the court.

27

28

2

IT IS SO ORDERED.

Dated:    January 22, 2025    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE