1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    THEODORE CHURCHILL SHOVE Sr.,        Case No.  2:24-cv-1976-JDP (P)

12              Petitioner,

13         v.                              ORDER; FINDINGS AND
                                           RECOMMENDATIONS
14    STATE OF CALIFORNIA,

15              Respondent.

16

17

18         Petitioner, a state prisoner, brought this action under section 2254.  ECF No. 1.  Petitioner

19    has twice brought petitions that appear time-barred and whose substance is unintelligible.  I have

20    twice given him leave to amend, ECF Nos. 28 & 45, and he has filed a third petition, ECF No. 47.

21    Like its predecessors, the third petition is incomprehensible and apparently time-barred.

22    Accordingly, I now recommend that it be dismissed without leave to amend.  Petitioner has also

23    filed numerous other motions, ECF Nos. 46, 48, 49, 51, 52, 54, 56, & 57, which I will deny as

24    moot.  If these recommendations are not adopted, petitioner may renew them.

25                                    Screening Order

26         The petition is before me for preliminary review under Rule 4 of the Rules Governing

27    Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine

28    the habeas petition and order a response to the petition unless it "plainly appears" that the

1

1    petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019);

2    *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

3            As I explained in my past screening orders, petitioner appears to be attacking a conviction

4    that was finalized sometime prior to 2010.  Petitioner indicates that he was convicted in 2007 and

5    sentenced in 2008.  ECF No. 47 at 1.  The Anti-Terrorism and Effective Death Penalty Act a one-

6    year statute of limitations for federal habeas petitions by state prisoners.  *See* 28 U.S.C.

7    § 2244(d)(1).  This action was initially filed on July 19, 2024; it is impossible to understand how

8    petitioner's claims can be timely.  And, as before, petitioner has failed to present a cogent

9    explanation of his claims.  The operative petition runs to two-hundred and thirty-four pages,

10   including exhibits.  And the non-exhibit portion makes little sense.  Petitioner references domestic

11   terrorism, ECF No. 47 at 5, an illegal trial whose "legal judgment" never existed, *id.* at 6, and

12   treason, *id.* at 7.  The arguments are devoid of any substance and do not, in any specific way,

13   explain how petitioner's conviction violated his constitutional rights.  This is petitioner's third

14   opportunity to present a viable petition, and he is no closer to doing so.  Accordingly, I now

15   recommend that this action be dismissed for failure to state a viable federal habeas claim.  *See*

16   *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss

17   summarily any habeas petition that appears legally insufficient on its face . . . .").

18           Accordingly, it is hereby ORDERED that:

19           1.      The Clerk of Court shall assign a district judge to this action.

20           2.      Petitioner's pending motions, ECF Nos. 46, 48, 49, 51, 52, 54, 56, & 57, are

21   DENIED as moot.

22           Further, it is RECOMMENDED that the operative petition, ECF No. 47, be DISMISSED

23   without leave to amend for failure to state a cognizable federal habeas claim.

24           These findings and recommendations are submitted to the United States District Judge

25   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of

26   service of these findings and recommendations, any party may file written objections with the

27   court and serve a copy on all parties.  Any such document should be captioned "Objections to

28   Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

1    within fourteen days of service of the objections.  The parties are advised that failure to file

2    objections within the specified time may waive the right to appeal the District Court's order.  *See*

3    *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

4    1991).

5

6    IT IS SO ORDERED.

7
      Dated:    April 15, 2025                    _____
8                                                  JEREMY D. PETERSON
                                                   UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28